UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JEREMY STEVEN MEREDITH,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ADA COUNTY SHERIFF'S DEPARTMENT, DEPUTY SHERIFF CULBERTSON, DEPUTY SHERIFF ROE, DEPUTY SHERIFF ARNOLD, DEPUTY SHERIFF MERCADO,<br><br>　　　　　Defendants. | Case No. 1:13-CV-00381-EJL-REB<br><br>**ORDER ON REPORT AND RECOMMENDATION** |

**INTRODUCTION**

On February 16, 2016, Chief United States Magistrate Judge Ronald E. Bush issued a Report and Recommendation ("Report"), recommending that Defendants' Motion for Summary Judgment be granted in part and denied in part. (Dkt. 52.) Any party may challenge a magistrate judge's proposed recommendation by filing written objections to the Report within fourteen days after being served with a copy of the same. *See* 28 U.S.C. § 636(b)(1); *Local Civil Rule 72.1(b)*. The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The district court may accept, reject,

or modify in whole or in part, the findings and recommendations made by the magistrate judge. *Id.*; *see also* Fed. R. Civ. P. 72(b). The Defendants in this case filed objections to the Report. (Dkt. 56.) The matter is now ripe for the Court's consideration. *See* Local Civil Rule 72.1(b)(2); 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a *de novo* review. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. § 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties)
> . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Furthermore, to the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within

fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

The Court has reviewed the entire Report as well as the record in this matter for clear error on the face of the record and none has been found. The Court has also conducted a *de novo* review of those portions of the Report to which the Defendant has objected and finds as follows.

## DISCUSSION

The full procedural background and facts of this case are properly articulated in the Report and prior Orders all of which are incorporated herein. (Dkt. 5, 28, 52.) The Plaintiff, Jeremy Steven Meredith, has brought this action *pro se* raising § 1983 claims against three Ada County Jail Deputies relating to their treatment of Plaintiff while he was in pre-trial custody at that facility. (Dkt. 3.)[1] The Defendants filed the instant Motion for Summary Judgment. (Dkt. 35.) The Report recommends that this Court grant summary judgment as to the excessive force claim against Deputy Adam Arnold and deny the Motion as to the failure to protect/deliberate indifference claim against Deputies Caleb Row and Rands Culbertson. (Dkt. 52.) Defendants object to the Report arguing it applied the wrong standard on summary judgment, erred in denying qualified immunity

---

[1] The Court previously dismissed other claims and Defendants. (Dkt. 5, 28.)

to Deputies Roe and Culbertson, and should be clarified as to the excessive force claim against Deputy Arnold. (Dkt. 56.)

## 1.      Summary Judgment Standard

Defendants argue the Report erred by construing the allegations in Plaintiff's complaint as true. (Dkt. 56 at 2-4.) Defendants object to portions of the factual background in the Report arguing it appears to be a recitation of the allegations made in the Complaint cast as the undisputed facts of this case. Defendants maintain they have produced facts supported by the record and come forward with evidence but that the Plaintiff has failed to bring forward any evidence to withstand summary judgment. In particular, Defendants assert that the Plaintiff's Affidavit fails to create a genuine issue of material fact as it simply mimics the allegations in the Complaint. (Dkt. 56 at 3.)

This Court finds the Report articulated the correct standard for a Rule 56 Motion for Summary Judgment. (Dkt. 52 at 8-9.) That standard includes that the evidence is viewed in the light most favorable to the non-moving party as well as the shifting burdens of production. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001). The Report then discussed the positions of both parties concerning the incidents at issue – the Plaintiff being sprayed with mace and his alleged suicide attempt. (Dkt. 52.) In doing so, the Report concluded that genuine issues of material fact exist as to the claim against Deputies Roe and Culbertson, including whether they knew there was a strong risk that Plaintiff would attempt to commit suicide but deliberately failed to take action to prevent him from doing so. (Dkt. 52 at 25-26.)

This Court finds the Report applied the correct standard to the Motion for Summary Judgment. While the Report appropriately viewed the facts in favor of the non-moving party, it did not, as Defendants argue, simply assume or construe the allegations in the Complaint as true. (Dkt. 56 at 3.) Instead, the Report considered the factual positions of both sides and determined that a genuine issue of material fact exists in this case as to the claim against Deputies Roe and Culbertson. (Dkt. 52 at 23, n. 9.) Particularly as to the question of whether the Deputies knew Plaintiff would attempt to harm himself. (Dkt. 52 at 25-26.) As to the question of whether Plaintiff met his burden on summary judgment, this Court's *de novo* review of the record differs from the Report as discussed below.

**2.      Qualified Immunity as to Deputies Roe and Culbertson**

Defendants Roe and Culbertson contend they are entitled to qualified immunity because the Plaintiff has failed to demonstrate that the Deputies knew the Plaintiff posed a substantial danger of attempting to harm himself and they deliberately ignored that risk; i.e., that the Deputies witnessed the Plaintiff take suicidal actions or heard him make suicidal statements. (Dkt. 56 at 6.). Defendants argue the Report failed to determine whether they are entitled to qualified immunity and whether the constitutional right allegedly violated was clearly established. (Dkt. 56 at 7.)

This Court has conducted a *de novo* review of the record and concludes Defendants Roe and Culbertson are entitled to qualified immunity on the failure to protect/deliberate indifference claim.

"A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1970) (internal quotation marks omitted). To prevail on such an Eighth Amendment claim the Plaintiff must satisfy three requirements which include both objective and subjective components. First, the Plaintiff must show that he is incarcerated under conditions where the prison official could infer a substantial risk of serious harm. *Id.* at 834-37 (1994). This is the "objective" element of the test. *Id.* Second, the Plaintiff must show that the prison official actually made that inference. *Id.* at 837. This is the "subjective" element of the test. *Id.* Finally, the Plaintiff must show that prison officials were deliberately indifferent to a substantial risk of serious harm, i.e., the prison official failed to take reasonable measures to guarantee the safety of the inmate. *Id.* An official exhibits deliberate indifference when he or she is subjectively aware of a risk and fails to act reasonably with an understanding of the risk. *Id.*; *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1242 (9th Cir. 2010).

Qualified immunity shields government officials performing discretionary functions from civil liability if their actions were objectively reasonable in light of clearly established law at the time they acted. See *Brosseau v. Haugen,* 543 U.S. 194, 198 (2004). The Supreme Court has laid out a two-pronged inquiry for determining whether a public official enjoys qualified immunity: (1) the trial court examines the facts alleged in the light most favorable to the plaintiff and determines whether the officer's alleged conduct violated a constitutional right, and (2) the court decides whether that right was clearly established at the time of the alleged violation. *Saucier v. Katz,* 533 U.S. 194, 201

(2001). The court may exercise its discretion as to which of the two prongs to address first. *Pearson v. Callahan,* 555 U.S. 223, 236 (2009). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier,* 553 U.S. at 202. If an official's alleged conduct violated a clearly established constitutional right of which a reasonable officer would have known, he is not entitled to qualified immunity. *Id.*

The Court finds genuine issues of material fact exist as to whether the Deputies knew of the risk that Plaintiff would harm himself. The Defendants' own Statement of Undisputed Facts acknowledge that the Plaintiff had previously indicated his intention to hurt himself by his actions or statements. (Dkt. 35-2 at 9.) At the time of the incident at issue in this case, both Deputies knew the Plaintiff was classified as a "Level Two Security Risk" and had been put on "orange suicide status" because of indirect threats he had made and concerns he may do something to harm himself. (Dkt. 35, Aff. Culbertson and Aff. Roe.) On the day of the incident, the Plaintiff was yelling, screaming, and banging on his cell door which caused Deputy Roe to have concerns that Plaintiff might harm himself if he did not calm down. (Dkt. 35-2 at 5) (Dkt. 35-5, Aff. Roe at ¶ 11.) The Plaintiffs actions prompted the officers to move him to another cell which lead to the events in question in this case. The comments allegedly made by the Deputies to the Plaintiff - "have fun" and "you know what to do" – also go to show a question of fact exists as to whether the Deputies knew of the risk that Plaintiff may harm himself. Based on the foregoing, the Court agrees with the Report's conclusion that a genuine issue of

material fact has been shown as to whether Deputies Roe and Culbertson knew the Plaintiff posed a substantial risk of serious of attempting to harm himself.

Looking at the final element of the Eighth Amendment claim, however, this Court diverges from the Report and concludes the Deputies were not deliberately indifferent. The undisputed evidence shows the Defendants did take reasonable measures to guarantee the Plaintiff's safety in regards to the risk that he would harm himself by making "well-being checks" on the Plaintiff every fifteen minutes and Deputy Culbertson's immediate call for a "Code 2" response upon discovering the Plaintiff had placed the chains on or around his neck during one such safety check. Despite the allegedly inappropriate comments the Deputies made to the Plaintiff, their responses to the risk he posed to harming himself were reasonable.[2]

The Court recognizes, as did the Report, the Plaintiff's theory is that the Deputies facilitated his attempted suicide. (Dkt. 3, 40) (Dkt. 52 at 25.) On that issue, this Court finds the Plaintiff has failed to come forward with evidence beyond the allegations in the Complaint to meet his burden to show genuine issues of material facts are in dispute concerning whether the Deputies were deliberately indifferent to the risk that Plaintiff would harm himself, i.e., evidence showing that the Deputies facilitated his suicide attempt and/or disputing the Deputies' evidence showing their reasonable response to the

---

[2] The alleged comments – "have fun" and "you know what to do" -- tend to show what the Deputies may have subjectively known at the time of the incident. If the Defendants did in fact make such comments, the Court does not condone nor minimize the inappropriateness of such conduct. Regardless, the fact remains that the Deputies' conduct in response to the risk was objectively reasonable.

incident.

The Defendants met their initial burden for purposes of summary judgment by presenting evidence that they responded reasonably to the Plaintiff's alleged suicide attempt by filing Affidavits from the relevant officers in support their Motion for Summary Judgment. (Dkt. 35-38.) The burden then shifted to the Plaintiff "to establish, beyond the pleadings, that there is a genuine issue for trial." *Miller v. Glenn Miller Productions, Inc.*, 454 F.3d 975, 987 (9th Cir. 2006). The Plaintiff has not done so. The Complaint is accompanied by an Affidavit of the Plaintiff as well as other supporting materials such as: a Notice of Claim, Incident Notes completed by the officers involved in the August 22, 2012 incident, and Grievance Forms submitted to the Jail by the Plaintiff. (Dkt. 3.) In response to the summary judgment motion, the Plaintiff filed a second Affidavit and other materials. (Dkt. 40.) As noted in the Report, the responsive materials filed by Plaintiff are more rhetoric than retort. (Dkt. 52 at 23 n. 9.) This Court disagrees, however, with the Report's finding that the Plaintiff's response provides a basis for the failure to protect claim beyond that found in the Complaint and accompanying materials.

Instead, this Court finds the Plaintiff's responsive materials do not provide evidence supporting the claim beyond the mere allegations of the Complaint nor do they dispute the Defendants' evidence of a reasonable response. (Dkt. 3, 40.) In so concluding, this Court has taken into account the Plaintiff's *pro se* status and considered the difficulty he faces in obtaining evidence for this type of claim. *Thomas v. Ponder*, 611 F.3d 1144 (9th Cir. 2010). Nonetheless, he is required to offer something more than the conclusory

allegations stated in the Complaint. *Butler v. San Diego Dist. Attorney's Office*, 370 F.3d 956 (9th Cir. 2004). The Plaintiff's submissions do not offer such evidence but are instead conclusory statements restating the allegations made in the Complaint. *See* Fed. R. Civ. P. 56(c); *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003) (stating that, when the moving party carries its initial burden on a motion for summary judgment, the nonmoving party "cannot defeat summary judgment with allegations in the complaint, or with unsupported conjecture or conclusory statements"); *accord Lane v. Dep't of Interior*, 523 F.3d 1128, 1140 (9th Cir. 2008) ("Lane's allegations in her complaint and her attorney's statements at oral argument are insufficient to defeat a summary judgment motion."); *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1019 (9th Cir. 2000) ("On a motion for summary judgment, the non-moving party cannot simply rest on its allegations without any significant probative evidence tending to support the complaint.").

Having determined the Defendants' undisputed actions taken in response to the risks to and actions of the Plaintiff were reasonable, the Court concludes that the Deputies did not act with deliberate indifference and they are entitled to qualified immunity. That is to say, no constitutional violation is found under the circumstances in this case because the officer's actions in response to the Plaintiff's risk of harming himself were reasonable. *Farmer*, 511 U.S. at 844-85 ("[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted."). Again, the Deputies made fifteen minute safety checks on the Plaintiff's cell and, upon

discovering the Plaintiff had placed the chains on or around his neck, called a "Code 2" response. *Id.* For these reasons, this Court concludes the Defendants are entitled to qualified immunity on the deliberate indifference claim and their Motion for Summary Judgment should be granted.

**3.    Deputy Arnold**

Defendants object to the Report's excessive force analysis arguing it is unclear whether the Report recommends dismissing the second mace spray claim made against Deputy Arnold. (Dkt. 56 at 9.)

Section A.1, of the Report concludes that the excessive force claim against Deputy Arnold does not fail solely on the basis of the fact that Deputy Arnold only sprayed Plaintiff with mace once. (Dkt. 52 at 12-15.) In the next section, Section A. 2, the Report concludes Deputy Arnold is entitled to qualified immunity and summary judgment should be granted in his favor. (Dkt. 52 at 15-21.) The Report ultimately recommends dismissal of the excessive force claim against Deputy Arnold. (Dkt. 28.) The Report needs no clarification.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that the Report and Recommendation entered on February 15, 2016 (Dkt. 52) is **ADOPTED IN PART AND REJECTED IN PART** as stated herein.

**IT IS FURTHER ORDERED** that the Defendants' Motion for Summary Judgment (Dkt. 35) is **GRANTED** and this case is **DISMISSED IN ITS ENTIRETY**.

DATED: March 22, 2016

_____
Edward J. Lodge
United States District Judge